CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUN 21 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| LINDA H. LUCAS, | ) | CASE NO. 6:10CV00049 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's

October 10, 2008 application for a period of disability and disability insurance benefits under the

Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under

authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting

forth appropriate findings, conclusions and recommendations for the disposition of the case. The

questions presented are whether the Commissioner's final decision is supported by substantial

evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g).

For the reasons that follow, the undersigned will RECOMMEND that an Order enter

GRANTING the Commissioner's motion for summary judgment, AFFIRMING the

Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on February 23, 2010, an Administrative Law Judge ("Law Judge")

found that plaintiff had not engaged in substantial gainful activity since March 31, 2008, her

alleged disability onset date, and that she remained insured through December 31, 2013. (R. 11.)

The Law Judge determined that the plaintiff suffered the following severe impairments:

degenerative disc disease and status post diskectomy with decompression and fusion at C6-C7.

(R. 12.) He concluded that the plaintiff did not suffer an impairment or combination of

impairments that met or equaled a listed impairment. (*Id.*) The Law Judge found that the plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work. (*Id.*) Specifically, the Law Judge found that plaintiff could not lift over five pounds; could only occasionally climb ramps/stairs; and could never climb ropes, ladders, or scaffolds. (*Id.*) The Law Judge further found plaintiff must avoid concentrated exposure to hazards. (*Id.*) He determined that plaintiff needed an option to work while sitting or standing, at her discretion, as long as she remains on task. (*Id.*) The Law Judge concluded that this RFC precluded plaintiff from performing any of her past relevant work, but that there were other jobs available in significant numbers in the national economy that she could perform. (R. 15.) The Law Judge ultimately determined that the plaintiff was not disabled under the Act. (R. 16.)

Plaintiff appealed the Law Judge's February 23, 2010 decision to the Appeals Council. (R. 6-8.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the plaintiff. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). However, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge's determination of her RFC is not supported by substantial evidence.[1] (Pl's Brief, pp. 8-10.) Plaintiff's argument, in part, is premised on her belief that the opinions of the State agency record reviewing physicians were favorable to her and limited the use of her upper extremities beyond that found by the Law Judge. Plaintiff does not believe he provided adequate reasons for rejecting those opinions. For the following reasons, the undersigned disagrees and concludes that the Law Judge's finding that plaintiff could perform a range of sedentary work is supported by substantial evidence.

On December 12, 2008, State agency record reviewing physician Thomas Phillips, M.D. evaluated plaintiff's medical records and opined that plaintiff's ability to push and/or pull (including the operation of hand and/or foot controls) was limited in both upper extremities. (R. 63.) On April 10, 2009, Brian Strain, M.D. evaluated plaintiff's medical records and affirmed Dr. Phillips' finding that plaintiff's ability to push and/or pull was limited. (R. 79.) Neither of these medical sources, nor any offered by plaintiff indicated that she experienced any limitations on her ability to reach.

Plaintiff has the burden of production and proof through the first four steps of the sequential evaluation. *See Young v. Apfel*, 221 F.3d 1065, 1069 n. 5 (8th Cir. 2000) (RFC is determined at step four in the sequential evaluation, where the burden of proof rests on the plaintiff); *Pass v. Chater*, 65 F.3d 1200, 1203 (1995) (holding that the applicant bears the burden of production and proof during the first four steps of the inquiry). Limitations on a claimant's ability to push or pull do not necessarily result in limitations on reaching. The record reflects that the Law Judge accounted for the limitations expressed in the record, though not as favorably as

---

[1] "Residual functional capacity" is defined as that which an individual is still able to do despite the limitations caused by her impairments. 20 C.F.R. § 404.1545(a).

plaintiff would desire and did not fail to consider any limitations on her ability to reach because there simply was insufficient medical evidence to support such.

Plaintiff next argues that the Law Judge erred in the evaluation of her complaints of pain because the record corroborates her testimony regarding her impairments and the functional limitations they produce. (Pl's Brief, p. 11.) Moreover, plaintiff asserts that the Law Judge failed to provide a specific rationale for rejecting her testimony. (Pl's Brief, p. 13.) Finally, plaintiff contends that the Law Judge's conclusion that she was not fully credible is not supported by substantial evidence. (*Id.*)

A two-step process for evaluating subjective complaints was developed in *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The two-step process corresponds with Social Security Ruling ("SSR") 96-7p and the regulations at 20 C.F.R. § 404.1529. At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. § 404.1529(c)(3).

At step one in his credibility assessment, the Law Judge found that that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms. (R. 13.) At step two, the Law Judge found that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's RFC finding, which provided that plaintiff could perform a range of sedentary work. (*Id.*) For the reasons that follow, the undersigned finds that the Law Judge's credibility analysis is consistent with applicable regulatory and decisional authorities.

Contrary to plaintiff's allegations, the record shows that the Law Judge thoroughly evaluated the evidence as it related to her subjective complaints and provided a lengthy rationale to support his credibility finding. For instance, the Law Judge noted that plaintiff underwent a diskectomy and fusion procedures at C6-C7 in June 2009 which were considered "clearly optional and elective" by her surgeon. (R. 14, 341, 355-357.) He found that plaintiff responded well to the surgery. (R. 14.) For instance, a month after surgery plaintiff reported that she was feeling much better and that her preoperative symptoms had "resolved." (R. 353.) The surgeon opined that she had an "excellent outcome," so much so that plaintiff was directed to return to him only on an as needed basis. (*Id.*) The record also shows that on September 14, 2009, three months post surgery, the surgeon determined that plaintiff had a "fairly good result" from her surgery and was "generally doing well." (R. 352.) The Law Judge also noted plaintiff's admission during the December 14, 2009 hearing before the Law Judge that she was not undergoing any treatment for her claimed neck and back pain. (R. 15, 42.) Most importantly, the Law Judge noted that there were no opinions from treating or examining sources which

revealed that plaintiff possessed limitations greater than those he found. (R. 15.) There is substantial evidentiary support for the Law Judge's credibility finding.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(I)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED:  _____
U.S. Magistrate Judge

_____
Date  June 21, 2011