CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAR 0 1 2012

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LINDA H. LUCAS,<br><br>          *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>*Commissioner of Social Security,*<br><br>          *Defendant.* | CIVIL ACTION NO. 6:10-CV-00049<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

  This matter is before the court on consideration of the following: the parties' cross-motions for summary judgment (docket nos. 14 and 17); the Report and Recommendation ("Report") of United States Magistrate Judge B. Waugh Crigler (docket no. 19); Plaintiff's objections (docket no. 21) to the Report; and the response (docket no. 22) thereto filed by the Commissioner of Social Security ("Commissioner," or "Defendant").

  In his Report, the magistrate judge recommends that I affirm the Commissioner's final decision denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Plaintiff timely filed objections to the Report, obligating the court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Having conducted such a review, I find that the objections are without merit and that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet her burden of establishing that she was totally disabled from all forms of substantial gainful employment. Accordingly, for the reasons stated herein, I will overrule Plaintiff's objections and will adopt the magistrate judge's Report *in toto*.

## I.

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the administrative law judge, or "ALJ"), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the

relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48. General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

## II.

As I have already observed, general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney*, 539 F. Supp. 2d at 845. Here, Plaintiff's objections are conclusory and lack the requisite specificity, as they largely incorporate and repeat arguments already presented, and fail to specifically object to the magistrate judge's

Report. Nonetheless, out of an abundance of caution, I will address two objections that could be liberally construed as directly responsive to the magistrate judge's Report.[1]

### A.

Plaintiff's summary judgment motion argued that the ALJ's determination of her "residual functional capacity" (or "RFC") was not supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a) (defining RFC as that which an individual is still able to do despite the limitations caused by her impairments). Plaintiff's argument was premised, in part, on her belief that the opinions of the physicians who reviewed the state agency record were favorable to her and limited the use of her upper extremities beyond that found by the ALJ. Judge Crigler, rejecting her argument, explained in the Report that, contrary to Plaintiff's argument, "[l]imitations on a claimant's ability to push or pull do not necessarily result in limitations on reaching," and he further explained how the ALJ's finding that Plaintiff did not experience any limitations on her ability to reach was supported by substantial evidence in the record.

Plaintiff objects, contending that

> limitations on the ability to push and pull also result in limitations on the ability to reach and use the upper extremities and the ALJ failed to acknowledge that plaintiff has such limitations with regard to her upper extremities in his decision. The state agency medical consultants opined the plaintiff had bilateral upper extremity limitations and the ALJ failed to acknowledge these limitations in his decision. . . .

---

[1] The remainder of Plaintiff's objections amount to a mere reassertion of the arguments in her summary judgment brief, and they cover issues and arguments previously presented to Judge Crigler. Even a cursory review reveals that Plaintiff has constructed her objections largely – in fact, almost exclusively – by simply cutting and pasting sections of her summary judgment brief into her objections. Therefore, the remainder of Plaintiff's objections must be deemed general and not specific.

However, Plaintiff fails to provide any support for her contention that push/pull limitations are the same as reaching limitations, because there is no such support. Indeed, "pushing" and "pulling" are specified as "Exertional limitations," *see* 20 C.F.R. § 404.1569a(b), whereas "reaching" is included in the specification of "Nonexertional limitations," *see* C.F.R. § 404.1569a(c)(1)(vi).

Furthermore, Plaintiff misstates the state agency medical consultants' findings, which specifically found only that Plaintiff had push and pull limitations in both upper extremities. (Tr. 63, 79). Neither state agency medical consultant indicated that Plaintiff had reaching limitations. (Tr. 54-68, 70-84).

Accordingly, this objection must be overruled.

### *B.*

Plaintiff disputes Judge Crigler's observation that the ALJ's decision refers to Plaintiff's "admission" at the hearing on December 14, 2009, that she was not currently undergoing any treatment for her neck and back pain. However, the transcript indicates that she gave the following responses to questions from her attorney:

> Q: And are you currently treating with anyone for the, the pain in, in the neck and in your back?
>
> A: Not right now.
>
> Q: Okay. Are you in the process of trying to, to find someone?
>
> A: Well, I haven't seen Dr. [Leipzig] since September.

(Tr. 42).

Thus, the record documents that, in fact, at the time of the hearing Plaintiff was not undergoing any treatment for her neck and back pain, and had not visited for at least three months the doctor who had previously treated her for neck and back pain. Accordingly, Judge Crigler did not misstate the record, and the objection must be overruled.

### III.

Having undertaken a *de novo* review of those portions of the Report to which specific objections were made, I find that Plaintiff's objections are without merit. My review of the record indicates that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet her burden of establishing that she was totally disabled from all forms of substantial gainful employment. Accordingly, I will enter an order overruling Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

Entered this 1st day of March, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE